IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM N.,[1]

        Plaintiff,

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

No. 6:19-cv-00523-HZ

OPINION & ORDER

Sherwood J. Reese
Drew L. Johnson
Drew L. Johnson, P.C.
1700 Valley River Dr.
Eugene, OR 97401

    Attorneys for Plaintiff

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Opinion uses the same designation for a non-governmental party's immediate family member.

1 – OPINION & ORDER

Renata Gowie
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

Frederick D. Fripps
Joseph John Langkamer
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Plaintiff William N. brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits ("DIB") and supplemental security income ("SSI"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1383(c)(3)). The Court reverses the Commissioner's decision and remands this case for further administrative proceedings.

## PROCEDURAL BACKGROUND

      Plaintiff applied for DIB and SSI on August 26, 2015, and August 13, 2015, respectively, alleging an onset date of August 1, 2015. Tr. 15, 177–86.[2] Plaintiff's date last insured ("DLI") is December 31, 2020. *Id*.; Tr. 17. His application was denied initially and on reconsideration. *Id*. at 15.

      On January 24, 2018, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ"). Tr. 40. On April 27, 2018, the ALJ found Plaintiff not disabled. Tr. 25–26. The Appeals Council denied review. Tr. 1.

---

[2] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket Nos. 11, 12.

## FACTUAL BACKGROUND

Plaintiff alleges disability based on a deformed left hip with pain, Post-Traumatic Stress Disorder (PTSD), depression, and a possible heart condition. Tr. 20, 76, 91. At the time of his alleged onset date, he was 56 years old. Tr. 24. He has a sixth-grade education and past relevant work experience as a painter, carpenter, and veneer grader. Tr. 24, 44.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step procedure. *See Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Id.*

In step three, the Commissioner determines whether the claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141;

20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform their "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets their burden and proves that the claimant can perform other work that exists in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after his alleged onset date. Tr. 17. Next, at steps two and three, the ALJ determined that Plaintiff has the following severe impairments: "a chronic left hip strain; a chronic low back strain; depression; a generalized anxiety disorder, attention-deficit hyperactivity disorder (ADHD); post-traumatic stress disorder (PTSD), and a specific learning disorder (math and written expression)[.]" Tr. 17. However, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 18–20. At step four, the ALJ concluded that Plaintiff had the residual functional capacity to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) with the following limitations:

> [H]e can occasionally climb ramps, stairs, ladders, ropes, or scaffolds. He can no more than frequently balance, stoop, kneel, crouch, and crawl. He must avoid exposure to workplace hazards. He can understand and carry out simple

instructions. He can tolerate no more than occasional contact with the general-public. He requires a work environment with few workplace changes.

Tr. 20. Because of these limitations, the ALJ concluded that Plaintiff could not perform his past relevant work. Tr. 24. But at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as "Industrial Cleaner . . . Sorter, Laundry Articles . . . and Laundry Laborer." Tr. 25. Thus, the ALJ concluded that Plaintiff is not disabled. *Id*.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings "are based on legal error or are not supported by substantial evidence in the record as a whole." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation marks omitted).

## DISCUSSION

Plaintiff argues that the ALJ erred when she failed to include all of Plaintiff's physical and mental limitations in the RFC and discounted the Vocational Rehabilitation Services (VRS)

Eligibility Determination. Pl. Br. 4–11, ECF 13. As a result, Plaintiff argues, the Court should remand for an award of benefits. *Id*. at 11–12.

I.  **RFC**

   A.  **Physical Limitations**

Plaintiff argues that the ALJ erred when she failed to include all the physical limitations identified by Dr. LeBray in Plaintiff's RFC. Pl. Br. 4. Specifically, Plaintiff argues that the ALJ erred by failing to include a restriction from performing jobs that require "speeded, fine fingering." *Id*. at 6.[3]

Dr. LeBray noted that Plaintiff displayed a "low amplitude, intentional tremor bilaterally (which can interfere with speeded, fine, eye-hand demands)." Tr. 477–78. Dr. LeBray also noted that "[p]ace and persistence is adequate over 3 hours with one short break." *Id*. at 478. Dr. LeBray found Plaintiff's speeded, fine eye-hand demands to be within modest borderline range. *Id*. Dr. LeBray found that "[h]e appears to struggle with quickly scanning and assimilating novel visual input. Based on these data, he may fare best with simpler, eye-hand demands that are not speeded or rapidly changing." *Id*. Later in his report, Dr. LeBray noted that Plaintiff's "fine, speeded perceptual and visuo-practic functions are mildly deficient" and "[j]obs with related demands such as speeded, small item assembly are not advised. He will fare best with gross psycho-motor tasks" such as sorting, handling, stacking, and packaging. *Id*. at 480 (emphasis omitted). Dr. LeBray also recommended that Plaintiff be placed in jobs without math, writing, or social interaction demands. *Id*. at 483. Dr. LeBray found:

---

[3] Plaintiff also points out that it does not appear that the ALJ had pages 1 and 10 of Dr. LeBray's report at the time of her decision. Pl. Br. 13. Because the Court remands for further administrative proceedings, it need not address Plaintiff's argument that the ALJ failed to fully develop the record.

6 – OPINION & ORDER

> He is likely to fare best in a low-key setting (vs. high production, with ambient stimuli such as noise or ancillary activity), doing simpler, unspeeded, hands on tasks at a relaxed pace. To begin, he might be a candidate for a supported work setting—perhaps sorting or refurbishing items in a non-profit, donation store (where competitive job demands are "relaxed")[.]

*Id*. (emphasis omitted).

The ALJ erred by failing to include or reject the limitation of "speeded, fine fingering" in the RFC based on Dr. LeBray's opinion. "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." Soc. Sec. Ruling (SSR) 96-8, *available at* 1996 WL 374184, at *7 (July 2, 1996). The ALJ gave Dr. LeBray's opinion significant weight, and she did not reject the limitation from performing "speeded, fine fingering," but she did not explain why she excluded it from the RFC. As a result, the ALJ erred.

The ALJ's error was not harmless. An error is harmless if it is inconsequential to the non-disability determination. *Stout v. Comm'r*, 454 F.3d 1050, 1055 (9th Cir. 2006). Although Dr. LeBray found that Plaintiff should not perform "speeded, fine fingering," the ALJ excluded the "speeded, fine fingering" limitation from the VE hypothetical, and the VE found Plaintiff capable of performing jobs that required "fine fingering" at least occasionally. Tr. 25; 66. The VE's testimony did not explain whether those jobs required the kind of "speeded, fine fingering" that Dr. LeBray found that Plaintiff cannot perform. Because it is unclear whether Plaintiff can perform the jobs identified by the VE and the ALJ at step five, the ALJ's error was not inconsequential to the non-disability determination and must be reversed.

### B. Mental Limitations

Plaintiff argues that the ALJ erred by excluding from the RFC Plaintiff's "moderate limitations in concentration, persisting, or maintaining pace," need for a supported work setting where competitive job demands are relaxed, and requirement of one and a half times as much time as other employees to complete tasks. Pl. Br. 5.

At step three, the ALJ determined that Plaintiff had "moderate limitations in concentrating, persisting, or maintaining pace." Tr. 19. At step four, the ALJ characterized Plaintiff's problems with concentration, persisting, or maintaining pace as Plaintiff having "some difficulty dealing with changes as well as some restrictions in his concentration, persistence and pace," but the ALJ determined at step four that his level of function in this area was adequate based on Dr. LeBray's observation that his concentration, persistence, and pace remained adequate throughout a three-hour evaluation with one short break. Tr. 23. The ALJ indicated that the RFC reflected the degree of limitation found in the ALJ's mental functional analysis at step three, but the ALJ found Plaintiff moderately limited in concentration, persistence, or maintaining pace at step three. Tr. 20–23. The ALJ's failure to include her determination that Plaintiff has moderate limitations in concentration, persistence, or maintaining pace in the RFC, without explanation, is thus error.

The Commissioner argues that any error is harmless because the ALJ accounted for Plaintiff's limitations in concentrating, persisting, or maintaining pace in the RFC "by limiting the claimant to performing only simple routine tasks in a workplace with few changes and with further restrictions on interacting with others." Def. Br. Tr. 23. The Ninth Circuit has rejected that argument. *See Brink v. Comm'r*, 343 F. App'x 211, 212 (9th Cir. 2009) (mem.) (holding that ALJ erred by including only the limitation to "simple, repetitive work" in a VE hypothetical after finding at step three that the claimant also had limitations in concentration, persistence, or pace; the VE hypothetical should have included both the limitation to "simple, repetitive work" and the limitation in concentration, persistence, or pace); Nguyen v. Chater, 100 F.3d 1462, 1466 n.3 (9th Cir. 1996) (an incomplete hypothetical cannot "constitute competent evidence to support a finding that claimant could do the jobs set forth by the vocational expert").

The remaining accommodations and supports that Plaintiff argues the ALJ failed to include in the RFC were mere recommendations. In the "Specific Recommendations" section of his report, Dr. LeBray noted that Plaintiff "might be a candidate for a supported work setting—perhaps sorting or refurbishing items in a non-profit, donation store (where competitive job demands are 'relaxed')[.]" Tr. 483. Dr. LeBray also "advised" several accommodations and supports to assist Plaintiff in the vocational training and schooling context, which included "extra time for projects-assignments (1.5x)[.]" Tr. 472. The nonmandatory language Dr. LeBray used in the recommendations section of his report does not compel the conclusion that Plaintiff cannot perform jobs in the national economy unless those conditions are present. As a result, the ALJ did not err by excluding them from the RFC. *See Valentine*, 574 F.3d at 691–92 (holding that ALJ did not err in formulating the RFC by declining to limit the plaintiff to tasks that the doctor noted in the recommendations section of his report that the plaintiff was "less likely to have difficulty" with); *Carmickle*, 533 F.3d at 1165 (holding that ALJ did not err by rejecting a recommendation that was not an imperative).

## II. VRS Eligibility Determination

Plaintiff argues that the ALJ erred by failing to include in the RFC all limitations described in the opinion of Courtney Sevey of Oregon Vocational Rehabilitation Services (VRS). Pl. Br. 7. Plaintiff argues that the ALJ erred when she gave Ms. Sevey's opinion "some weight" but failed to explain why she rejected certain findings and recommendations by Ms. Sevey. *Id*.

"[L]ay witness testimony cannot be disregarded without comment." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (internal quotation marks and emphasis omitted), *superseded by regulation on other grounds as stated in Thomas v. Saul*, 830 F. App'x 196, 198

(9th Cir. 2020). An ALJ may reject the opinion of a lay witness for reasons germane to the witness. *Id.* (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).

The ALJ did not provide any reason to discount Ms. Sevey's opinion. The only apparent reference to Ms. Sevey's opinion in the ALJ's decision is contained within a paragraph discussing lay witness testimony of two witnesses. Tr. 23 (citing Tr. 223–28, 292–98). The ALJ noted that she gave "some weight to the . . . observations concerning the claimant's functional limitations with respect to lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, and climbing stairs, as well as understanding, concentrating, following instructions, and getting along with others." Tr. 23. Nothing in the ALJ's decision explains why she gave the lay witness testimony "some weight." Tr. 23–24. It is unclear to the Court which, if any, of Ms. Sevey's opinions the ALJ gave weight to. As a result, the ALJ failed to provide a reason germane to Ms. Sevey to discount the weight given to the VRS Eligibility Determination. *See Molina*, 674 F.3d at 1114 (holding that ALJ erred by failing to explain why she disregarded lay witness testimony); *Christopher V. v. Comm'r*, No. 3:17-cv-01503-HZ, 2019 WL 93502, at *7–8 (D. Or. Jan. 2, 2019) (noting that ALJ erred by failing to consider a VRS opinion because it could be highly relevant to the social security disability determination). *Cf. McCartney v. Massanari*, 298 F.3d 1075, 1076 (9th Cir. 2002) (holding that "an ALJ must ordinarily give great weight to a [Veterans Administration] determination of disability").

### III. Remand for Benefits

Plaintiff argues that the Court should remand for an award of benefits. Pl. Br. 11. Plaintiff bases that argument primarily on the VE's testimony that all three jobs the ALJ found Plaintiff was able to perform within his limitations required fine fingering. *Id*. Since Plaintiff cannot perform fine fingering, he argues, he is entitled to an immediate award of benefits. *Id*. at 12.

Contrary to Plaintiff's argument, the evidence in the record does not establish that he cannot perform any fine fingering. As discussed above, Dr. LeBray restricted Plaintiff from performing jobs that required "speeded, fine fingering," and instead recommended that Plaintiff perform jobs that required only "unspeeded fine fingering." The VE's testimony does not establish whether the jobs the ALJ identified at step five require speeded or unspeeded fine fingering. Thus, the record does not establish that Plaintiff is disabled based on the requirement of fine fingering in the jobs identified by the ALJ at step five, and remand for further administrative proceedings is the appropriate remedy in this case.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is REVERSED and REMANDED for further administrative proceedings.

IT IS SO ORDERED.

DATED: April 28, 2021.

                                              MARCO A. HERNÁNDEZ
                                              United States District Judge